## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROGER GRIFFIN,** | : | **CIVIL NO. 3:24-CV-112** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **JAMES PETRUCCI, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM AND ORDER

### I.    Background and Procedural Background

This *pro se* prisoner lawsuit comes before us for consideration of a series of requests to now dismiss with prejudice certain claims and defendants that were previously dismissed from the lawsuit without prejudice to allowing the plaintiff leave to amend his complaint to state a claim upon which relief may be granted. (Docs. 56, 58, and 60). For the reasons set forth below, these motions will be granted.

By way of background Roger Griffin filed this complaint on January 22, 2024. (Doc. 1). At that time Griffin alleged that he was a pretrial detainee awaiting trial on state criminal charges. In fact, court records reveal that Griffin pleaded guilty to charges of fleeing and eluding police as well as recklessly endangering others and was sentenced in July of 2024. Commonwealth v. Griffin, CP-35-CR-0002237-

2023. Thus, to some degree, events in this criminal case have overtaken Griffin's civil lawsuit.

Liberally construed, Griffin's *pro se* complaint seemed to advance two legal claims. First, Count I of the complaint lodged a Fourth Amendment claim against the defendants. Specifically, Griffin alleged that the defendants collectively conspired to illegally place an unauthorized warrantless GPS tracking device on his automobile, a device which was utilized in the course of the September 2023 law enforcement encounter which led to his arrest and subsequent conviction. The second count of Griffin's *pro se* complaint lodged a separate Fourth Amendment claim, alleging that a Scranton Police Officer, James Petrucci, engaged in an unnecessary, physically intrusive, and excessive "reach-in" strip search of the defendant at the time of his September 2023 arrest. (Id.)

With his claims framed in this fashion, Griffin named ten individual and institutional defendants in his complaint, including the Pennsylvania State Police and two state police troopers, Travis Graziano and Keith Hubert, two District Attorney Office detectives, Vincent Butkiewicz and Joseph Gianacopoulos, and a Scranton Police Officer, Kevin Sweeney. As to these defendants, Griffin's complaint was notably lacking in well-pleaded factual details.

The state police defendants moved to dismiss this complaint, and upon

2

consideration, on October 24, 2024, we entered an opinion and order regarding the state police defendants which provided that the motion to dismiss was granted with prejudice with respect to the Pennsylvania State Police and Griffin's Fourth Amendment unlawful GPS surveillance conspiracy claims against Troopers Graziano and Hubert. The motion was also granted with respect to Griffin's Fourth Amendment excessive force and failure to intervene claims, but Griffin was afforded "a final opportunity to amend his complaint to state a claim upon which relief may be granted provided he files an amended complaint on or before **November 15, 2024**." (Doc. 45).

In addition, the Lackawanna County District Attorney's Office, and two District Attorney's office detectives, Vincent Butkiewicz and Joseph Gianacopoulos also moved to dismiss Griffin's complaint. Upon consideration, we entered an order which granted this motion, in part, and provided as follows:

> Griffin's institutional liability claims and his illegal surveillance claims based upon what he erroneously alleged was a warrantless GPS surveillance of his vehicle are dismissed with prejudice. Griffin's excessive force, failure to intervene claim is dismissed without prejudice to affording Griffin a final opportunity to amend his complaint to state a claim upon which relief may be granted provided he files an amended complaint on or before **November 15, 2024**.

(Doc. 47).

Likewise, the Scranton Police Officers named in Griffin's complaint moved

3

to dismiss this complaint. Upon consideration, we granted this motion in part as follows:

> The motion is GRANTED with prejudice with respect to the Scranton Police Department and Griffin's Fourth Amendment unlawful GPS surveillance conspiracy claims against Scranton Police Officers, James Petrucci and Kevin Sweeney. The motion is GRANTED without prejudice with respect to Griffin's Fourth Amendment failure to intervene claims against Officer Sweeney, and Griffin will be afforded an opportunity to amend his complaint to state additional well-pleaded facts in support of this claim provided that he files an amended complaint on or before **November 15, 2024**.

(Doc. 49).

As a result of these rulings, all that remains of Griffin's lawsuit is an excessive force claim against Defendant Officer Petrucci. As to this claim, we have converted the motion to dismiss into a motion for summary judgment. That motion remains pending.

With respect to those claims which were dismissed without prejudice to the filing of an amended complaint by November 15, 2024, it is undisputed that Griffin has never filed an amended complaint as directed by this Court. The time for amending these pleadings has now long passed. It is against this backdrop that the state police defendants, Defendant Sweeney, and Defendants Vincent Butkiewicz and Joseph Gianacopoulos now request that Griffin's complaint be dismissed with prejudice. (Docs. 56, 58, 60). In the absence of any effort by Griffin to comply with

our directions, these motions will be granted.

## II.  <u>Discussion</u>

While our prior rulings called for dismissal of this action with respect to the state police defendants, Defendant Sweeney, and Defendants Vincent Butkiewicz and Joseph Gianacopoulos, the Court provided Griffin a final opportunity to further litigate this matter by endeavoring to promptly file a proper amended complaint. Having concluded that this *pro se* complaint was flawed in multiple and profound ways, we followed this course recognizing that in civil rights cases *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety, see <u>Fletcher-Hardee Corp. v. Pote  Concrete Contractors</u>, 482 F.3d 247, 253 (3d Cir. 2007), unless it is clear that granting further leave to amend would be futile, or result in undue delay. <u>Alston v. Parker</u>, 363 F.3d  229, 235 (3d Cir. 2004).

Thus, in this case, Griffin was given this opportunity to further amend his complaint but has now forfeited this opportunity through his inaction. In this situation, where a wholly deficient complaint is dismissed without prejudice but the *pro se* plaintiff refuses to timely amend a legally flawed and insufficient complaint, it is well within the court's discretion to dismiss the complaint with prejudice given the plaintiff's refusal to comply with court directives. Indeed, the precise course was

endorsed by the United States Court of Appeals for the Third Circuit in <u>Pruden v.</u> <u>SCI Camp Hill</u>, 252 F. App'x 436, 438 (3d Cir. 2007). In <u>Pruden</u>, the appellate court addressed how district judges should exercise discretion when a *pro se* plaintiff ignores instructions to amend a complaint. In terms that are equally applicable here the court observed that:

> The District Court dismissed the complaint without prejudice and allowed [the *pro se* plaintiff] twenty days in which to file an amended complaint. [The *pro se* plaintiff] failed to do so. Because [the *pro se* plaintiff] decided not to amend his complaint in accordance with the Federal Rules of Civil Procedure, we conclude that the District Court did not abuse its discretion when it dismissed [the *pro se* plaintiff's] complaint with prejudice. <u>See In re Westinghouse Securities Litigation</u>, 90 F.3d 696, 704 (3d Cir.1996). The District Court expressly warned [the *pro se* plaintiff] that the failure to amend his complaint would result in dismissal of the action with prejudice. "[I]t is difficult to conceive of what other course the court could have followed." <u>Id.</u> (quoting <u>Spain v.</u> <u>Gallegos</u>, 26 F.3d 439, 455 (3d Cir.1994)).

<u>Pruden v. SCI Camp Hill</u>, 252 F. App'x 436, 438 (3d Cir. 2007).

Therefore, consistent with the prior practice of this court, with respect to the state police defendants, Defendant Sweeney, and Defendants Vincent Butkiewicz and Joseph Gianacopoulos, the complaint now is dismissed with prejudice as frivolous without further leave to amend.  <u>See, e.g.,</u> <u>Davis v. Superintendent, SCI Huntingdon</u>, 3:12-CV-01935, 2013 WL 6837796 (M.D. Pa. Dec. 23, 2013) (Mariani, J.); <u>Wicks v.</u> <u>Barkley</u>, 3:12-CV-02203, 2013 WL 5937066 (M.D. Pa. Nov. 4, 2013) (Mariani, J.).

An appropriate order follows.


_S/ Martin C. Carlson_
Martin C. Carlson
United States Magistrate Judge

DATED: February 7, 2025